IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-01233-CMA-BNB

COS CAPITAL PARTNERS, I, LLC, and
LH CAPITAL PARTNERS, LLC,

    Plaintiffs,

v.

RINEON GROUP, INC.,

    Defendant.

---

**ORDER DENYING DEFENDANT'S RENEWED MOTION
FOR JUDGMENT AS A MATTER OF LAW**

---

This matter is before the Court on Defendant's Renewed Motion for Judgment As A Matter of Law (Doc. # 59), filed on June 28, 2012. This breach of contract case was tried to a jury in late May of 2012. The jury returned a verdict in Plaintiffs' favor, awarding $2.5 million in damages. The Court entered judgment on the verdict on May 31, 2012.[1] (Doc. # 54.)

Under Federal Rule 50(b), a party may make a renewed motion for judgment as a matter of law within twenty-eight days of the entry of judgment. See Fed.R.Civ.P. 50(b). A movant is entitled to judgment as a matter of law only if the evidence would not permit a reasonable jury to find in the non-movant's favor. *See Deters v. Equifax Credit*

---

[1] The Court granted an unopposed motion to amend the final judgment, and an Amended Judgment was entered on June 15, 2012. (Doc. # 57.)

*Info. Servs., Inc.*, 202 F.3d 1262, 1268 (10th Cir.2000); *see also Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir.1999) (judgment as a matter of law "is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion") (internal quotations omitted). Although the court must view the evidence in a light favorable to the non-movant, the court should not re-weigh the evidence, judge witness credibility, or challenge the factual conclusions of the jury. *Mason v. Oklahoma Turnpike Auth.*, 115 F.3d 1442, 1450 (10th Cir.1997), *overruled on other grounds by TW Telecom Holdings Inc., v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011).

In the instant motion, Defendant raises three arguments as to why it is entitled to judgment as a matter of law.  Defendant contends that there was insufficient evidence to support the jury's conclusion that the contract was supported by consideration,[2] that the underlying option agreement was invalid because it had expired, and that the action should have been barred under principles of *res judicata* and collateral estoppel.  (Doc. # 59.)

The Court has considered these arguments and finds them to be without merit. At trial, Plaintiffs provided evidence through the testimony of Mr. Jason Huntley that the contract was supported by consideration and that the underlying option was not

---

[2]  Defendant also suggests that the question of whether there was consideration was a matter of law to be decided by the Court and should never have been submitted to the jury. (Doc. # 59 at 2.)  Defendant provides no authority to support its argument that the issue should have been decided by the Court and, as Plaintiffs point out, the parties stipulated to a jury instruction on consideration.  Defendant cannot now argue that the issue should not have been submitted to the jury.

expired.  This testimony was uncontradicted as Defendant chose not to present any witness testimony in its defense.  Viewing the evidence in the light most favorable to the non-moving party, the evidence properly admitted at trial would allow a reasonable jury to find that the contract was supported by consideration and that the option contract had not expired.

With regard to Defendant's argument that the action is barred under principles of *res judicata* and collateral estoppel, the Court has already rejected this same argument multiple times.[3]  The Court again rejects Defendant's argument that this action was barred under *res judicata* or collateral estoppel.  Furthermore, these legal issues were not improperly submitted to the jury, as Defendant now contends.  Rather, Defendant had argued that Plaintiff should not be able to recover as a result of a prior judgment obtained by Plaintiff.  As a result of this argument, the jury inquired as to whether an uncollected prior judgment is considered "payment."  Based on its review of Delaware law, the Court answered "no."[4]  *See AT&T Corp. v. Clarendon American Ins. Co.*, 931 A.2d 409 n.24 (Del. 2007).  Although the jury may have been concerned about the preclusive effect of the prior judgment as a result of Defendant's argument, the issue was not submitted to the jury for deliberation.  Any confusion was caused by

---

[3]  The Court denied Defendant's motion for summary judgment and also denied Defendant's motion for judgment as a matter of law at the close of Plaintiff's case. (Doc. ## 31, 49.)  Although the Court did not expressly analyze Defendant's arguments with respect to *res judicata* and collateral estoppel in these orders, by denying the motions the Court implicitly found the arguments to be without merit.

[4]  Defendant appears to have abandoned its argument the prior uncollected judgment obtained by Plaintiff constitutes "payment."

Defendant's incorrect argument regarding the prior uncollected judgment, and any such confusion was cleared up by the Court's response to the jury's inquiry on the topic.

Accordingly, it is ORDERED that Defendant's Renewed Motion for Judgment as a Matter of Law (Doc. # 59) is DENIED.

DATED:  July   31  , 2012

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge